IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILLIP DUFFIELD, et al.,

                Plaintiffs,

v.                                                 CIVIL ACTION NO. 2:11-cv-00515

PENN LINE CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

      Pending before the court is the plaintiffs' Motion to Remand the Case to the Circuit Court of Kanawha County, West Virginia [Docket 9]. For the reasons discussed below, this Motion is **GRANTED**.

**I.**       **Background**

      A.     *Facts*

      The defendant Penn Line Corporation ("Penn Line") employed Mr. Duffield to perform work at job locations in various states. (Pl.'s Reply Supp. Pl.'s Mot. to Remand [Docket 14], at 1.) The plaintiffs allege that Mr. Duffield was "trimming tree limbs around power lines" for Penn Line in Defiance, Ohio when he was electrocuted and killed on June 9, 2009. (*Id.* at 2.) The plaintiffs also assert that the defendant Mr. Jeffrey was "employed as a supervisor for Penn Line" and that Mr. Duffield "was required to trim trees in close proximity to energized power lines under the authority of Penn Line's supervisory employee, Joshua Jeffrey." (*Id.* at 2-3).

Specifically, the plaintiffs claim that the defendants failed to ensure that Mr. Duffield "was protected from electrical shock" and violated federal safety regulations, which resulted in Mr. Duffield's death in Ohio. (*Id.* at 2-3.)

B.  *Procedural History*

The plaintiffs filed this case in the Circuit Court of Kanawha County, West Virginia on June 6, 2011 against Penn Line and Mr. Jeffrey. On July 29, 2011, the defendants removed the case to this court on the basis of diversity jurisdiction, alleging fraudulent joinder. (Notice of Removal [Docket 1], at 2-3.) The plaintiffs filed a Motion to Remand Case to the Circuit Court of Kanawha County, West Virginia on August 29, 2011 [Docket 9]. The Motion is now ripe for review.

**II. Discussion**

A.  *Legal Standard*

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil*

*& Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008) (internal citations omitted).

Under the doctrine of "fraudulent joinder," however, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation omitted) (internal quotation marks omitted). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33 (internal citations omitted).

Additionally, the Fourth Circuit has held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under the Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a "glimmer of hope," the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

B.  *Analysis*

The defendants argue that removal is proper and the plaintiff's motion to remand should be denied because the defendant Mr. Jeffrey is fraudulently joined. Specifically, the defendants assert that the joinder of Mr. Jeffrey as an individual defendant is frivolous, and the court should disregard Mr. Jeffrey's citizenship in determining whether there is diversity jurisdiction. (Resp. Pls.' Mot. Remand [Docket 13], at 2.)

The defendants have not met the heavy burden required to show that the defendant Mr. Jeffries is fraudulently joined. Generally, Ohio workers' compensation laws provide the exclusive remedy for injuries occurring during the course of the employee's performance. OHIO REV. CODE § 4123.74 (2011). However, under the Ohio intentional tort statute, an employer is liable for an "intentional tort committed by the employer during the course of employment" when the "plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur." OHIO REV. CODE § 2745.01 (2011). In this case, the factual information before the court is limited and contradictory. The plaintiffs have alleged in their Complaint that the defendants had "specific knowledge" of the unsafe working condition at the job site where Mr. Duffield was killed and "nevertheless exposed Anthony Duffield to the specific unsafe working condition intentionally." (Compl. [Docket 1-1], at 3.) Additionally, the plaintiffs have filed an affidavit from Mr. Tiano stating that their investigation uncovered individuals "who have knowledge that . . . Joshua Jeffrey was a foreman on the job who possessed supervisory capacity." (Aff. William M. Tiano [Docket 9-1], at § 11.)

The evidence demonstrates that there is a slight possibility of a right to relief against Mr. Jeffrey. There is at least a "glimmer of hope" that the plaintiffs can state a claim against Mr. Jeffrey in state court when the facts are viewed in the light most favorable to the plaintiffs. Thus, the court **FINDS** that the defendants have not met the heavy burden required to establish that Mr. Jeffrey was fraudulently joined and removal was proper. Accordingly, the plaintiffs' Motion to Remand the Case to the Circuit Court of Kanawha County, West Virginia is **GRANTED** [Docket 9].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 7, 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE